IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | Civ. No. 13-00535 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO |
| vs. | ) | DISMISS THIS ACTION AND |
| | ) | DENY PLAINTIFF'S |
| U.S. ATTORNEY NAKAKUNI, | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYMENT OF |
| Defendant. | ) | FEES |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND
DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES

Before the Court is Plaintiff Galina Ogeone's Application To Proceed

Without Prepayment of Fees and Costs ("Application") (Doc. 4.).  The Court

FINDS and RECOMMENDS that Plaintiff's Complaint be dismissed and that the

Application be denied as moot.

BACKGROUND

On October 16, 2013, Plaintiff filed a Complaint against Defendant

United States Attorney Florence T. Nakakuni.  (Doc. 1.)  Plaintiff asserts that

Defendant Nakakuni committed "abuse of process" and "Judicial Malpractice" by

removing a case that Plaintiff had filed in state court.  Plaintiff also argues that

Defendant Nakakuni's removal of that case to federal court violated Plaintiff's

"federal constitutional rights."  (Id.)

Plaintiff challenges Defendant Nakakuni's removal of the following case to federal court: <u>Galina Ogeone v. Dentist W. Ruth Yang</u>, Civil No. 12-1-3278-12 ECN, which was filed in the First Circuit Court.  (Doc. 1 in CV. NO. 13-00166 SOM-RLP.)  In that case, Plaintiff named Dentist W. Ruth Yang, a federal employee, as the defendant.  (Doc. 3 in CV. NO. 13-00166 SOM-RLP.)  After removing the case, the United States was substituted as the defendant "in place of defendant Dentist W. Ruth Yang."  (<u>Id.</u>)

After Defendant Nakakuni removed that case to federal court, Plaintiff objected to the Notice of Removal and filed a Motion to Remand.  (Docs. 5 & 16 in CV. NO. 13-00166 SOM-RLP.)  Magistrate Judge Richard L. Puglisi found and recommended that Plaintiff's Objection and Motion to Remand be denied. (Doc. 32 in CV. NO. 13-00166 SOM-RLP.)  Chief Judge Susan Oki Mollway adopted that recommendation and denied Plaintiff's subsequent motion to reconsider.  (Docs. 38 & 42 in CV. NO. 13-00166 SOM-RLP.)  That case is currently pending in federal court.

<u>DISCUSSION</u>

In the present action Plaintiff challenges Defendant Nakakuni's removal of CV. NO. 13-00166 SOM-RLP.  Plaintiff's claims are asserted against Defendant Nakakuni in her official capacity as the United States Attorney. However, as discussed below, sovereign immunity bars actions against United

States Attorneys and therefore, Plaintiff's Complaint against Defendant Nakakuni must be dismissed.

"The United States is a sovereign and, as such, is immune from suit without its prior consent." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). Any such waiver "cannot be implied, but must be unequivocally expressed." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "Where a suit has not been consented to by the United States, dismissal of the action is required." Id.; Hutchinson, 677 F.2d at 1327 ("Absent consent to sue, dismissal of the action is required."). "[T]he existence of such consent is a prerequisite for jurisdiction." Gilbert, 756 F.2d at 1458 (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)).

"The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." Hutchinson, 677 F.2d at 1327. Actions against United States Attorneys sued in their official capacities are barred by sovereign immunity because "[a]n official capacity suit against a federal employee is in essence a suit against the United States." Bryan v. Defense Tech. U.S., Civ. S-10-2241 KJM GGH P., 2011 WL 590902, at *7 (E.D. Cal. Feb. 10, 2011) ("Nor can plaintiff proceed against the defendant United States Attorney in an official capacity."); Graham v. United States, CV. NO. 94-1973 KN (Ex), 1994 WL 750666, at *3 (C.D. Cal. Aug. 23, 1994) ("The United States

3

Attorney is dismissed as a party to this action because as a federal official, she cannot be sued in her official capacity without an express waiver of sovereign immunity by Congress, and no such waiver is present here.").

In Shiraishi v. United States, Civ. No. 11-00323 JMS-BMK, 2011 WL 4527393, at *4 (D. Haw. Sept. 27, 2011), District Judge J. Michael Seabright dismissed an action against Defendant Nakakuni on the basis of sovereign immunity. Judge Seabright noted that the claims against Defendant Nakakuni in her official capacity sought to "impose liability on the United States," which is barred by sovereign immunity unless the United States consents to be sued. Id. Because "the United States has not expressly consented to be sued, and no statutory waiver applies," Judge Seabright dismissed Plaintiff's claims against Defendant Nakakuni in her official capacity on "jurisdictional and immunity grounds." Id. at *4, 8. Judge Seabright also concluded that allowing the pro se plaintiff leave to amend "would be futile," noting that "Plaintiff plainly cannot amend his Complaint to overcome the multiple grounds on which his suit is barred." Id. at *8.

Like in Shiraishi, the Plaintiff in the present case sues Defendant Nakakuni in her official capacity as a United States Attorney. This action imposes liability on the United States. Id. at *4. However, the United States has not consented to be sued and no statutory waiver applies. Id. Therefore, the Court

4

finds that this action against Defendant Nakakuni is barred by sovereign immunity and must be dismissed.  Id. at *4, 8; Gilbert, 756 F.2d at 1458 ("dismissal of the action is required"); Hutchinson, 677 F.2d at 1327 ("dismissal of the action is required"); Bryan, 2011 WL 590902, at *7 (noting that the plaintiff cannot "proceed against the defendant United States Attorney in an official capacity"); Graham, 1994 WL 750666, at *3.  Accordingly, the Court recommends that this action be dismissed.

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Shiraishi, 2011 WL 4527393, at *3.  However, a district court "does not abuse its discretion in denying leave to amend where amendment would be futile."  Id. at *8 (citation omitted).

Granting Plaintiff leave to amend the Complaint would be futile.  See id.  Plaintiff's claims against Defendant Nakakuni are barred by sovereign immunity, and the absence of consent by the United States deprives this Court of jurisdiction over this case.  Gilbert, 756 F.2d at 1458 ("[T]he existence of such consent is a prerequisite for jurisdiction.").  Consequently, given the Court's dismissal based on immunity and jurisdictional grounds, the Court finds that Plaintiff cannot amend the Complaint to overcome the grounds on which this suit is barred.  Shiraishi, 2011 WL 4527393, at *8 ("Given the court's dismissal based

5

on jurisdictional and immunity grounds, . . . Plaintiff plainly cannot amend his

Complaint to overcome the multiple grounds on which his suit is barred.").

Accordingly, the Court recommends that this action be dismissed without leave to

amend.

In light of the Court's recommendation to dismiss this action, the

Court also recommends denying Plaintiff's Application To Proceed Without

Prepayment of Fees and Costs (Doc. 4.) as moot.

## CONCLUSION

In light of the foregoing, the Court recommends that this action be

dismissed without leave to amend and that Plaintiff's Application To Proceed

Without Prepayment of Fees and Costs (Doc. 4.) be denied as moot.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 25, 2013.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ogeone v. Nakakuni, CV. NO. 13-00535 HG-BMK; FINDINGS AND RECOMMENDATION
TO DISMISS THIS ACTION AND DENY PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES.          6