IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00535 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| US ATTORNEY NAKAKUNI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND DENY**
**PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**
**(ECF No. 7)**
**AND**
**ORDERING THE RETURN OF PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

On October 16, 2013, Plaintiff Galina Ogeone filed a Complaint against Defendant United States Attorney Florence T. Nakakuni. Plaintiff claims that Defendant committed "abuse of process" and "judicial malpractice" and violated her "federal constitutional rights" by removing a case that Plaintiff filed in state court against a federal employee (Cv. No. 13-00166). (ECF No. 1.)

On the same day, Plaintiff filed an Application to Proceed without Prepaying Fees or Costs. (ECF No. 4.)

On October 25, 2013, the Magistrate Judge issued a "Findings and Recommendation to Dismiss this Action and Deny Plaintiff's Application to Proceed without Prepayment of Fees." (ECF No. 7.) The Magistrate Judge found that sovereign immunity bars the claims against Defendant U.S. Attorney Nakakuni. The Magistrate

Judge recommended that the action be dismissed without leave to amend, as amendment would be futile. Based on the recommendation to dismiss the action, the Magistrate Judge recommended that Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4) be denied as moot.

On November 6, 2013, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 8)

On the same day, Plaintiff paid the Clerks Office the $400 filing fee owed for commencing the case. (ECF No. 9.)

On November 8, 2013, Plaintiff submitted a Proposed Amended Complaint. (Attached as Exhibit 1.) The Clerk of the Court received the Proposed Amended Complaint, but did not file it. The Court instructed the Clerk to await the ruling on Plaintiff's appeal of the Magistrate Judge's findings and recommendation to determine whether the Amended Complaint should be filed or returned.

Title 28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit a findings and recommendation to the district court judge. Any party may object to a magistrate judge's findings and recommendation, pursuant to Local Rule 74.2. The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. §

636(b)(1)(C).

Plaintiff objects to the Magistrate Judge's Findings and Recommendation, on the grounds that sovereign immunity does not bar her claims, as she has filed suit against U.S. Attorney Nakakuni, and not the United States. Plaintiff asserts that her case may proceed, as she has now paid the $400 filing fee, and no longer needs to proceed in forma pauperis.

Plaintiff's payment of the filing fee does not alter the Magistrate Judge's analysis regarding dismissal of the case without leave to amend. A court may dismiss a complaint, for which the filing fee has been paid, sua sponte for failure to state claim or lack of subject matter jurisdiction. Such a dismissal may be made without notice when the claimant cannot possibly win relief. Sparling v. Hoffman Construction Co., 864 F.2d 635, 638 (9th Cir.1988)(sua sponte dismissal for failure to state a claim); Hall v. Mooretown Rancheria/Feather Falls Casino, No. 12-CV-1856, 2013 WL 2486610 (E.D. Cal. June 10, 2013)(sua sponte dismissal for lack of subject matter jurisdiction); Marshall v. Citimortgage, Inc., No. 12-00562 SOM, 2012 WL 6587527 (D. Haw. Dec. 17, 2012)(sua sponte dismissal of case brought by pro se plaintiffs, where filing fee had been paid).

The reasons stated in the Magistrate Judge's Findings and Recommendation as to the dismissal and denial of a right to amend are sound. Plaintiffs claims are alleged against U.S. Attorney Nakakuni in her official capacity, and are barred by the doctrine of sovereign immunity.

Plaintiff has previously filed multiple challenges to the allegedly improper removal of Ogeone v. United States of America, No. 13-cv-00166-SOM-RLP. The Court has repeatedly found the claims lacking in merit or otherwise barred. (Ogeone v. United States of America, No. 13-cv-00166-SOM-RLP, Order Adopting Findings and Recommendation to Deny Plaintiff's Objection to Notice of Removal of Civil Action and Deny Plaintiff's Motion to Remand, Jul. 19, 2013, ECF No. 38; and Order Denying Motion for Reconsideration, Jul. 31, 2013, ECF No. 42);(Ogeone v. United States of America, No. 13-cv-00564-ACK-BMK, Order Denying Plaintiff's Application to Proceed In Forma Pauperis and Dismissing Complaint for Failure to State a Claim, ECF No. 7); (Ogeone v. Judge Nacino, No. 13-cv-00553-DKW-RLP, Order Dismissing Complaint and Denying as Moot Plaintiff's Application to Proceed without Prepayment of Fees or Costs).

Plaintiff claims that, having now paid the $400 filing fee, she is entitled to amend her complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1).

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleadings once as a matter of course, 21 days after service of the pleading. Leave to amend may still be denied, even within the 21-day time period, if amendment of the complaint would be futile. Dougherty v. City of Covina, 654 F.3d 892, 901 (9th Cir. 2011) *cert. denied*, 133 S. Ct. 1725 (2013); Haworth v. Astrue, No. 08-1192, 2009 WL 1393678, (C.D.Cal. May 14, 2009).

4

Plaintiff served U.S. Attorney Nakakuni with the Complaint on November 15, 2013. (Summons Returned Executed, filed on Nov. 20, 2013, ECF No. 11.) Plaintiff's attempted amendment, although timely, does not alter the above analysis, as any amendment would be futile.

As Plaintiff has paid the filing fee, Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4) is denied as moot. Lipscomb v. Madigan, 221 F.2d 798 (9th Cir. 1955)(movant's application to docket his appeal in forma pauperis was dismissed, having become moot by his payment of the docket fee); Funtanilla v. Tristan, 234 F. App'x 505, 506 (9th Cir. 2007).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation to Dismiss this Action and Deny Plaintiff's Application to Proceed without Prepayment of Fees" (ECF No. 7) are **ADOPTED AS THE OPINION AND ORDER OF THIS COURT**.

The Clerk of the Court is **DIRECTED** to return a copy of Plaintiff's Proposed Amended Complaint to Plaintiff and close the

//
//
//
//
//
//
//

case.

    IT IS SO ORDERED.

    Honolulu, Hawaii December 10, 2013.



    /s/ Helen Gillmor
Helen Gillmor
United States District Judge

---

Ogeone v. US Attorney Nakakuni, CV-13-00535 HG-BMK, ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (ECF No. 7) AND ORDERING THE RETURN OF PLAINTIFF'S PROPOSED AMENDED COMPLAINT